UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL VASQUES,<br><br>Plaintiff,<br><br>v.<br><br>KENNETH MELIKIAN, et al.,<br><br>Defendants. | No. 2:20-cv-1190 TLN KJN P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state, prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

1

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

II. Screening

Under the Prison Litigation Reform Act of 1995, the undersigned is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must "dismiss the complaint, or any portion of the complaint, if the complaint:  (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  Id. at (b); 28 U.S.C. § 1915(e)(2); see Barren v. Harrington, 152 F.3d 1193 (9th Cir. 1998).

III. Plaintiff's Allegations

Plaintiff claims he was arrested on August 17, 2019, and despite not waiving his right to a speedy trial, defendant Melikian, the trial judge, delayed plaintiff's trial.  In his second claim, plaintiff contends that defense counsel James Clark was ineffective in representing plaintiff.  There are no charging allegations as to defendants Erin Tognetti, Assistant District Attorney, or Charles Marinez, Probation Officer.

IV. Discussion

A. Section 1983 Claim Barred

Plaintiff's claims all relate to the court proceedings which culminated in his conviction.  Such claims may not be maintained under § 1983 unless plaintiff can show the conviction has been invalidated.  See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); Ramirez v. Galaza, 334 F.3d 850, 855-56 (9th Cir. 2003); see also Guerrero v. Gates, 442 F.2d 697, 703 (9th Cir. 2006) (Heck barred civil rights claims brought by plaintiff who had pled guilty alleging wrongful arrest, malicious prosecution, and conspiracy among police officers to bring false charges against him); Cabrera v. City of Huntingon Park, 159 F.3d 374, 380 (9th Cir. 1998) (Heck barred plaintiff's civil rights claims for false arrest and false imprisonment until conviction was invalidated).

Here, plaintiff does not allege that his conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such

determination, or called into question by a federal court's issuance of a writ of habeas corpus. Indeed, plaintiff's criminal appeal is still pending. People v. Vasques, Case No. C091772 (Third App. Dist. Cal.)[1]  As plaintiff's conviction has not been reversed and as the validity of the convictions would be called into question if plaintiff were to prove the facts of this case, his claims against defendants are barred by Heck. Therefore, plaintiff's complaint must be dismissed.

### B. Immunity

Plaintiff also raises § 1983 claims against defendants who are immune.

#### 1. El Dorado County Superior Court Judge

Claims brought against Judge Melikian fail because judicial officers are absolutely immune from liability for acts performed in their judicial capacity. Mireles v. Waco, 502 U.S. 9, 11 (1991) (per curiam); Miller v. Davis, 521 F.3d 1142, 1145 (9th Cir. 2008) ("It has long been established that judges are absolutely immune from liability for acts done by them in the exercise of their judicial functions." (internal quotations and citation omitted)). "This immunity reflects the long-standing 'general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" Olsen v. Idaho State Bd. of Med., 363 F.3d 916, 922 (9th Cir. 2004) (quoting Bradley v. Fisher, 13 Wall. 335, 347 (1871)). This judicial immunity insulates judges from suits brought under section 1983. Id. at 923.

Judicial immunity bars suit even if a judge is accused of acting in bad faith, maliciously, corruptly, erroneously, or in excess of jurisdiction. Mireles, 502 U.S. at 11-13. Judicial immunity may be overcome only when the judge's actions are not taken in his or her judicial

---

[1] The court may take judicial notice of facts that are "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), including undisputed information posted on official websites. Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010). It is appropriate to take judicial notice of the docket sheet of a California court. White v. Martel, 601 F.3d 882, 885 (9th Cir. 2010). The address of the official website of the California state courts is www.courts.ca.gov.

capacity or when the actions, though judicial in nature, are taken in the "complete absence of all jurisdiction." Id. at 11-12. The allegations against Judge Melikian relate to conduct he allegedly undertook as a judicial officer during proceedings over plaintiff's criminal charges. Thus, the claims arise out of the exercise of the judge's judicial functions. As the allegations do not involve actions taken in the "complete absence of all jurisdiction," judicial immunity applies and claims against Judge Melikian necessarily fail.

### 2. Defense Attorney

Plaintiff alleges his defense attorney James Clark rendered ineffective assistance of counsel. Plaintiff's claims against defendant Clark under § 1983 fail because Clark was not a state actor. Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981) ("public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"); Miranda v. Clark Cnty., 319 F.3d 465, (9th Cir. 2003) (*en banc*) (applying Polk to bar claim against public defender who allegedly did nothing to defend client after state habeas court overturned conviction based on ineffective assistance of counsel); Briley v. State of Cal., 564 F.2d 849, 855 (9th Cir. 1977) (finding retained counsel did not act under color of state law).[2]

### C.  Construe as Habeas Petition?

Plaintiff does not seek release from custody, but his claims are essentially an attack on the validity of his criminal conviction.[3] Although a district court may construe a habeas petition by a prisoner attacking the conditions of his confinement as a civil rights action under 42 U.S.C. § 1983, see Wilwording v. Swenson, 404 U.S. 249, 251 (1971), the opposite is not true. A civil

---

[2] Prosecutors, including Assistant District Attorney Tognetti, are absolutely immune from liability under section 1983 for conduct that is "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 431 (1976); Botello v. Gammick, 413 F.3d 971, 975 (9th Cir. 2005).

[3] As a general rule, a claim that challenges the fact or duration of a prisoner's confinement should be addressed by filing a habeas corpus petition under 28 U.S.C. § 2254, while a claim that challenges the conditions of confinement should be addressed by filing a civil rights action under 42 U.S.C. § 1983. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Ramirez v. Galaza, 334 F.3d 850, 858-859 (9th Cir. 2003), cert. denied, 541 U.S. 1063 (2004).

1  rights complaint seeking habeas relief should be dismissed without prejudice to bringing it as a

2  petition for writ of habeas corpus.  See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir.

3  1995).

4        Because plaintiff's direct appeal is still pending, plaintiff is cautioned that he must first

5  exhaust his state court remedies before filing a federal habeas petition.  The exhaustion of state

6  court remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C.

7  § 2254(b)(1).  If exhaustion is to be waived, it must be waived explicitly by respondent's counsel.

8  28 U.S.C. § 2254(b)(3).[4]  A waiver of exhaustion, thus, may not be implied or inferred.  A

9  petitioner satisfies the exhaustion requirement by providing the highest state court with a full and

10  fair opportunity to consider all claims before presenting them to the federal court.  Picard v.

11  Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert.

12  denied, 478 U.S. 1021 (1986).[5]

13  V.  Leave to Amend

14        The undersigned has considered whether to grant plaintiff leave to file an amended

15  complaint.  However, because any § 1983 claim related to his conviction is barred under Heck,

16  and plaintiff's direct appeal is presently pending, it would be futile.

17  VI.  Conclusion

18        In accordance with the above, IT IS HEREBY ORDERED that:

19        1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

20        2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

21  is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

22  § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

---

[4] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

[5] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending.  28 U.S.C. § 2244(d).

1  Director of the California Department of Corrections and Rehabilitation filed concurrently
2  herewith.
3      Further, IT IS HEREBY RECOMMENDED that this action be dismissed without
4  prejudice.
5      These findings and recommendations are submitted to the United States District Judge
6  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days
7  after being served with these findings and recommendations, plaintiff may file written objections
8  with the court and serve a copy on all parties.  Such a document should be captioned
9  "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that
10 failure to file objections within the specified time may waive the right to appeal the District
11 Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
12 Dated:  September 10, 2020
13
14             KENDALL J. NEWMAN
            UNITED STATES MAGISTRATE JUDGE
15 vasq1190.56.imm